IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALICE ASHWORTH, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 08-0016-CG-M |
| | ) |
| JULIUS ROGER BURNS, Individually | ) |
| and as Owner of L.J.R. Transportation; | ) |
| L.J.R. TRANSPORTATION, | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This matter is before the court on the plaintiff's motion for default judgment (Doc. 9). The motion appears to be premature due to ineffective service on the defendant Julius Roger Burns; therefore the motion is **DENIED** with leave granted to re-file the motion at the appropriate time.

The court notes that the plaintiff attempted to serve the defendants via certified mail (Doc. 3), and merely filed the U. S. Postal Service Domestic Return Receipt instead of filing the Returns of Service with the declarations of server properly executed.  The court further notes that the Domestic Return Receipt is signed by someone other than Julius Roger Burns.  The plaintiff is suing the defendant individually and as owner of L.J.R. Transportation, and represents that Mr. Burns is the owner, operator and controller of the semi-truck involved in the accident alleged in the complaint.

Because there is nothing on file to show that the person who received the certified mail was authorized by the defendant to receive it pursuant to Alabama Rules of Civil Procedure 4(i)(2)(C), the court finds that there has not been effective service on Mr. Burns.  Therefore, the

clerk's entry of default (Doc. 7) is hereby **SET ASIDE**.

This action was commenced on January 14, 2008; therefore, the Rule 4(m) service deadline pursuant to the Federal Rules of Civil Procedure expired on May 13, 2008. Nevertheless, the court hereby **GRANTS** the plaintiff an extension until July 7, 2008 to effect service on defendant Burns.

**DONE and ORDERED** this 3rd day of June, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE