IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALICE ASHWORTH, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   CIVIL ACTION NO. 08-016-CG-M |
| JULIUS ROGER BURNS, individually and as owner of LJR. Transportation; LJR TRANSPORTATION, | ) ) ) ) ) |
|     Defendants. | ) |

## ORDER

This motion is before the court on defendants' motion to dismiss, for judgment on the pleadings, or in the alternative for summary judgment (Doc. 47), plaintiff's opposition thereto (Doc. 49), and defendants' reply (Doc. 50). The court finds that the preponderance of the evidence before the court demonstrates that the amount in controversy at the time the complaint was filed meets the jurisdictional minimum. Therefore, defendants' motion is due to be denied.

## DISCUSSION

Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction of all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the parties are diverse. The parties agree that the parties in this case are of diverse citizenship, but dispute whether the jurisdictional minimum has been met. Generally, in determining whether subject matter jurisdiction exists, the court begins by looking to the face of the complaint to determine if the amount in controversy exceeds the jurisdictional requirement. See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) (stating the rule with regard

to removal cases); Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 n. 1 (11th Cir. 2003) (noting that rules governing amount in controversy requirement for removal cases are also applicable to declaratory judgment actions). If examination of the complaint does not make it facially apparent that the amount in controversy is satisfied, the court may look to other evidence relevant to the amount in controversy at the time the complaint was filed. Williams, 269 F.3d at 1319-20 (" If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." citations omitted).

In most cases, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590 (U.S. 1938). Where, as in this case, the complaint does not specify the amount of damages it seeks, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Federated Mut. Ins. Co., 329 F.3d at 807 (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996)).

The "existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." Ferry v. Bekum Am. Corp., 185 F.Supp.2d 1285, 1287-1288 (M.D.Fla. 2002) (quoting Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989)). The conditions that create diversity jurisdiction need not survive through the life of the litigation. Rather, a court determines the existence of diversity jurisdiction "at the time the action is filed," regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy. Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991); see also generally 13B CHARLES ALAN

WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, § 3608 (2d ed. 1984 & Supp. 2002).

The amount in controversy includes not only compensatory, but punitive damages as well. See e.g. Ryan v. State Farm Mut. Auto. Ins. Co., 934 F.2d 276, 277 (11th Cir. 1991) ("Ryan's claim for punitive damages due to the insurance company's refusal to pay raises the amount in controversy to a sufficient level to acquire federal jurisdiction."). However, interest and costs are expressly excluded by § 1332 from the calculation of the amount in controversy. 28 U.S.C. § 1332(a). Attorney's fees also do not count towards the amount in controversy unless they are allowed by statute or contract. Federated Mutual Insurance Company v. McKinnon Motors, LLC, 329 F.3d 805, 808 n. 4 (11th Cir. 2003). In this case, plaintiff has not alleged any statutory or contractual basis which would provide for recovery of attorney's fees, but has asserted a claim for punitive damages.[1]

Defendants assert that this case does not meet the jurisdictional minimum. Although the complaint alleges that the amount sought is within this court's jurisdictional limits, defendants contend that a motion filed by plaintiff on May 23, 2008, requesting that default judgment be granted in the amount of $75,000 (Doc. 9), demonstrates that the amount in controversy does not exceed $75,000. The motion for default judgment was filed approximately four months after this suit was commenced and followed the clerk's entry of default against defendant Julius Roger Burns. (Doc. 8). The motion for default judgment was denied by the court and the entry of default was set aside upon the court's realization that service on Mr. Burns was not effective.

---

[1] The complaint alleges that defendant Burns, while in the scope of his employment with defendant LJR Transportation "negligently caused and/or wantonly caused or allowed his vehicle to collide" with plaintiff's vehicle. (Doc. 1, ¶ 10). Alabama law provides that punitive damages may be awarded in a tort action if "it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff." ALA.CODE § 6-11-20(a).

(Doc. 11).  Plaintiff later served both defendant Burns and defendant LJR Transportation and the case proceeded as customary.  The motion for default judgment included supporting medical records and an affidavit and stated that plaintiff had incurred medical expenses totaling $6,323.67 and suffered mental anguish, pain and suffering. (Doc 9).

The court notes that although it is plaintiff's burden to show by a preponderance of the evidence that the threshold amount has been met, she has not submitted any evidence indicating that the damages sought under the complaint were more than the $75,000 compensatory damages sought by her motion for default judgment.  However, the court also notes that defendants' argument relies solely on the amount requested by plaintiff's motion for default judgment and does not consider plaintiff's claim against the non-defaulting defendant[2] or plaintiff's claim for punitive damages.

This court is not the first to address the ramifications of a request for default judgment below the minimum jurisdictional requirement.  In Barcume v. Cortes, 24 Fed.Appx. 754 (9th Cir. 2001), the Ninth Circuit reversed the District Court's finding that the case lacked subject matter jurisdiction which was based on the fact that the plaintiff had requested default judgment in an amount below the jurisdictional minimum. ibid. at 755-756; see also Del Hierro v. Schaefer, 2007 W L 141182, at *4 -5  (M.D.Fla. Jan. 16, 2007) (court found no subject matter jurisdiction where motion for default judgment sought damages in the amount of $70,000 and no punitive damages had been sought even though "the Court gave Plaintiff an opportunity to include a claim for punitive damages by filing an amended complaint to attempt to exceed the jurisdictional threshold.").  The Court found that where additional claims were asserted in the

---

[2] The court acknowledges that neither defendant actually defaulted.  However, at the time of plaintiff's motion, default had been entered by the clerk against defendant Burns.

complaint, the plaintiff's "decision to pursue a single claim for less than $75,000 did not divest the district court of jurisdiction." Id. at 756.  The court is persuaded by Barcume that claims not pursued in plaintiff's motion for default judgment must be considered in determining the amount in controversy.

While there has been no evidence or even argument submitted towards the value of plaintiff's claims against the non-defaulting defendant and for punitive damages, they presumably have some value.  The only evidence that the amount in controversy is below the jurisdictional minimum is plaintiff's request for default judgment in an amount that is one cent below that minimum.  Considering the plaintiff's assertion in the complaint that the jurisdictional minimum is met, together with the evidence that the claim for compensatory damages against Mr. Burk amounts to $75,000, and the fact that there are additional claims asserted in the complaint, the court finds that the preponderance of the evidence demonstrates that the amount in controversy at the time the complaint was filed, exceeded $75,000.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss, for judgment on the pleadings, or in the alternative for summary judgment (Doc. 47), is **DENIED**.

**DONE and ORDERED** this 7th day of October, 2009.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE